REES et al. v. UNITED STATES (WIESE, Intervener).

(District Court, N. D. California. March 30, 1904.)

No. 1,620.

1. SHIPPING—SALVAGE—PROPERTY OF UNITED STATES—VESSELS—OWNERSHIP.
 That two vessels were owned by the United States is not sufficient to deprive the master and crew of one of them of their right to salvage compensation for services rendered in saving personal property belonging to the United States from the wreck of the other.

F. R. Wall, for libelants and intervener.
Edward J. Banning, for the United States.

DE HAVEN, District Judge. Personal property of the United States on board of a vessel for transportation from one port to another is liable to a lien for salvage services rendered in saving it. The Davis, 10 Wall. 15, 19 L. Ed. 875. It also seems to be the rule that the master and crew of one vessel may recover salvage for services rendered the master of another vessel belonging to the same owner. Lewis v. A Lot of Whalebone (D. C.) 51 Fed. 916; The Colima, 5 Sawy. 181, Fed. Cas. No. 2,996. It would seem to follow, therefore, that the fact that the Justin and the Yosemite were both owned by the United States is not sufficient to deprive the libelants, who were members of the crew of the Justin, of their right to salvage compensation for services rendered by them in saving from the wreck of the Yosemite the personal property of the United States mentioned in the libel. I do not think the service in fact rendered by the libelants was of a very high order of merit. Indeed, there was very little, if any, personal danger connected with its performance; and an award of $500, to be divided among the libelants and intervener pro rata, according to the monthly wages received by each, will be ample compensation for the service rendered.

Let such decree be entered.